MEMORANDUM **
Mary Kathryn Sanowski, now known as Mary Kathryn Russell, appeals pro se from the district court’s order dismissing her three appeals from the bankruptcy court’s orders in underlying Chapter 7 proceedings. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review for abuse of discretion, Fitzsimmons v. Nolden (In re Fitzsimmons), 920 F.2d 1468, 1471 (9th Cir.1990), and we affirm.
The record demonstrates that Russell failed to file a designation of the bankruptcy court record within ten days of filing her three notices of appeal, as required under Fed. R. Bankr.P. 8006, and that she failed to designate the record in two of the three appeals, even after repeated extensions and explicit court orders to do so. Although Russell eventually filed the appropriate designation in one of her appeals, her own motions (including a motion for consolidation) linked the three appeals, and therefore the district court did not abuse its discretion in dismissing all three appeals in the face of her continued and unjustified defiance of its orders. *644 See Fitzsimmons, 920 F.2d at 1473-75 (holding that district court may dismiss bankruptcy appeal without explicit consideration of alternative sanction where there is bad faith or egregious conduct).
We deny all pending motions. The proceedings arising from Russell’s more recent bankruptcy filing are not relevant to the issue before us — whether the district court properly dismissed Russell’s appeals from the proceedings in the earlier bankruptcy. We also deny Russell’s petition for mandamus relief because she has not demonstrated an “extraordinary situation” warranting such a “drastic” remedy. See Bauman v. United States Dist. Court, 557 F.2d 650, 654-55 (9th Cir.1977) (identifying factors to be considered in connection with petition for mandamus).
Russell’s remaining contentions lack merit.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.